NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ZEMEL et al., | : | |
| | : | **Civil Action No. 20-09972 (SRC)** |
| Plaintiffs, | : | |
| v. | : | **OPINION** |
| KORCHMAR et al., | : | |
| Defendants. | : | |

**CHESLER**, District Judge

     This matter comes before the Court upon Defendant Nicole DiBello's ("DiBello") motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs Elliot Zemel and Koze Investments, LLC ("Plaintiffs") have opposed the motion.  The Court, having considered the papers filed by the parties, proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed below, the Court will grant DiBello's motion as to Counts 2 and 3 of the Complaint, thereby dismissing those counts without prejudice.

     **I.**    **BACKGROUND**

     This case arises from a dispute over a real estate transaction.  According to the Complaint, Defendant Korchmar orchestrated an elaborate fraudulent scheme, with the aid of the other defendants.  The Complaint alleges that the scheme first began when Defendant Korchmar represented to Plaintiffs that he was in the process of acquiring a piece of real estate in Denville, New Jersey ("the Denville Property").  Based on this information, Plaintiffs planned to execute

1

an agreement with Defendants that would assign the Denville Property to Plaintiffs, and in consideration of this planned assignment, Plaintiffs wired $600,500 to the escrow account of one of the Defendants.  Defendant Nicole DiBello served as counsel for Defendant Korchmar for part of this transaction.  According to the Complaint, DiBello was made aware that Plaintiffs were the source of the escrow funds and that the property was to be transferred to them. However, the sales agreement between the original seller of the Denville Property and Korchmar's nominees was subsequently amended to state that the escrow deposit was non-refundable and that the escrow funds should be released.  The funds were then released, and Plaintiffs have not received title to the Denville Property.

Plaintiffs thereafter brought suit against Defendants, asserting seven Counts.  The only counts that state claims against DiBello are Count 2, alleging conspiracy to commit fraud, Count 3, for aiding and abetting fraud, and Count 6, for aiding and abetting breach of fiduciary duties. DiBello subsequently brought this motion, arguing in her moving papers that Counts 2 and 3 should be dismissed.

## II.   DISCUSSION

In support of her motion to dismiss, DiBello focuses on two main arguments.  First, DiBello argues that Plaintiffs' failure to allege any attorney-client relationship between themselves and DiBello prevents them from properly stating a claim against her.  This argument misses the mark in that Plaintiffs have not brought a malpractice claim against DiBello but instead are alleging fraud.  While, as DiBello argues in her motion papers, an attorney-client relationship may be needed to support a malpractice claim, no such rule applies where an attorney is not acting in his or her professional capacity.  Indeed, the mere fact that a defendant is a licensed attorney does not shield him or her from liability for unlawful conduct or involvement

2

in an illegal conspiracy.  Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 416 (3d Cir. 2003).

Next, DiBello argues that the Complaint merely includes conclusory allegations against her and does not plead sufficient facts to establish a claim.  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To meet this pleading standard, and avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Supreme Court has further explained that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Thus, while a complain need not include highly "detailed factual allegations," it must include more than mere "labels and conclusions."  Twombly, 550 U.S. at 555.  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Iqbal, 556 U.S. at 678.  See also Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) ("[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

Further, while a more general claim for relief may survive even the Twombly and Iqbal pleading standard, when a complaint alleges *fraud*, the Federal Rules require an even stricter pleading standard – that is, that the party alleging fraud "must state with particularity the circumstances constituting fraud . . . ."  Fed. R. Civ. P. 9(b).  The Third Circuit has explained that, to meet this particularity standard listed in Rule 9(b), the complaint must be detailed enough

3

that it "place[s] the defendant on notice of the 'precise misconduct with which [he is] charged.'" Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (quoting Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004), abrogated on other grounds by Twombly, 550 U.S. at 557). Specifically, the Third Circuit in Frederico held that the complaint must "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Id. This heightened pleading standard applies to the claims being discussed in the present motion, as the claims challenged by DiBello in Counts 2 and 3 are for conspiracy to commit fraud and aiding and abetting fraud. See, e.g., Pricaspian Dev. Corp. v. Martucci, 759 Fed. Appx. 131, 136 (3d Cir. 2019) (applying the Rule 9(b) particularity standard to a claim alleging conspiracy to commit fraud).

The Court finds that Plaintiffs' claims against DiBello in Counts 2 and 3 of the Complaint do not meet the pleading standards set by Twombly and Iqbal, and also do not meet the stricter pleading standard required for allegations of fraud. In support of their claims against DiBello, Plaintiffs merely state that "Upon information and belief, [one of the other Defendants] informed Ms. DiBello of the arrangement with Plaintiffs, that Plaintiffs were the source of the escrow deposit, and that the Denville Property was to be conveyed to an entity to be formed by Plaintiffs." (Compl., ¶ 27). Plaintiffs offer no factual support for this conclusion that DiBello was aware of the nature of the arrangement. Further, when Plaintiffs allege that Defendants wrongfully amended the sales agreement between the original seller of the Denville Property and the nominal buyers, this too is only supported by conclusory statements. Specifically, the Complaint states that:

> [The amendment] was done despite [Defendants'] knowledge that the source of the funds was Plaintiffs, that the assignment was not provided to Plaintiffs, and that the escorw [sic] was made by Plaintiffs as a refundable deposit on the Denville Property. All of the

4

> defendants . . . knew that Plaintiffs had an interest in these funds, and had a duty and obligation to obtain Plaintiffs' approval before their release, which they did not do.

(Compl., ¶ 30-31).  Any other aspects of the Complaint that refer to DiBello are written in a similar fashion and do not rise to the level of plausibility required by Twombly and Iqbal.  While a showing of probability is not needed, allegations cannot merely be "speculative" in nature and must show more than "'a suspicion [of] a legally cognizable right of action'"  Twombly, 550 U.S. at 555-56 (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

In addition to the Complaint being replete with conclusory statements, it also does not allege fraud with the particularity required under Rule 9(b).  While the Complaint does state the date of some relevant transactions, beyond that, it in no way substantiates the allegations of fraud against DiBello and simply relies on legal conclusions without any specific factual support.  Therefore, DiBello's motion to dismiss will be granted as to Counts 2 and 3.

Count 6 also involves a claim against DiBello, in that it alleges that she aided and abetted breach of fiduciary duties.  However, DiBello did not address why Count 6 should be dismissed in her initial moving papers. Rather, DiBello argued for the first time in her reply brief that "Count VI is . . . duplicative [of Counts II and III] . . . . According, Count VI should also be dismissed."  (Reply Br. at 3).  Even if, *arguendo,* DiBello is correct in her assertion that Count 6 is duplicative, this is a new argument raised in a reply brief and will not be considered.  As a matter of procedure, this Court will not accept arguments offered for the first time in the reply brief, as they were not properly discussed in the opening brief and Plaintiffs have not had the opportunity to respond to them.  Anspach v. City of Phila., 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("…[F]ailure to raise an argument in one's opening brief waives it.").  Thus, while Counts 2 and 3 will be dismissed, the motion to dismiss Count 6 will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Counts 2 and 3 of the Complaint do not meet the pleading standards set by Twombly and Iqbal, nor Rule 9(b).  Therefore, Counts 2 and 3 of the Complaint will be dismissed without prejudice.  However, because DiBello failed to argue for the dismissal of Count 6 in her opening brief, DiBello's motion to dismiss Count 6 will be denied.  Plaintiffs shall be granted leave to replead these claims by filing an Amended Complaint.  An appropriate Order with be filed together with this Opinion.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: October 30, 2020